UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**KYLE MARGELOFSKY,**
W2202 County Rd. T West
Mayville, WI 53050

        Plaintiff,

                              Case No.    26-cv-138

vs.

**PRINCIPAL LIFE INSURANCE COMPANY,**
33 E Main Street Ste 610
Madison, WI 53703

        Defendant.

## COMPLAINT

The Plaintiff, Kyle Margelofsky, by Hawks Quindel, S.C., for his complaint against the above-named Defendant, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Mayville, Wisconsin.

2. Defendant, Principal Life Insurance Company, on information and belief is a corporation organized under the laws of Iowa, licensed to do business in Wisconsin.

3. On information and belief, Defendant administers and insures a long-term disability insurance plan for Associate Engineering Corporation ("the Plan"), an

employee welfare benefit plan subject to ERISA as amended, that has been in effect since at least August 10, 2021 and continues to the present time.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff is a former assembler for Associate Engineering Corporation.

9. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability (LTD) coverage provided by the Plan.

10. Plaintiff ceased working on or about August 10, 2021 due to sclerosing cholangitis and ulcerative colitis.

11. Defendant approved Plaintiff's claim for LTD benefits for three years, or until February 14, 2025.

12. Plaintiff's LTD benefit is worth approximately $2,039.55 per month.

13. Defendant was responsible for determining whether Plaintiff was eligible for LTD benefits.

14. Defendant was responsible for paying Plaintiff's LTD benefits.

15. Defendant denied Plaintiff's LTD benefits claim beyond February 14, 2025.

16. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

17. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

18. Plaintiff submitted all information requested by the Defendant.

19. Defendant failed to consider the issues raised in Plaintiff's appeal.

20. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

21. Defendant did not perform a "full and fair review" of Plaintiff's claim.

22. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

23. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

24. Defendant failed to engage in a meaningful dialogue with Plaintiff.

25. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

26. Defendant conducted a selective review of Plaintiff's medical records.

27. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

28. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

29. At all times material to this case, the Plan has remained in full force and effect.

30. Defendant's denial of Plaintiff's claim for LTD benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

31. The preceding paragraphs are reincorporated by reference as though set forth here in full.

32. Plaintiff has been and remains disabled, as that term is defined by the Plan.

33. Defendant's decision to deny Plaintiff's benefits was incorrect, as well as arbitrary and capricious.

34. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

35. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

36. As both the payer of claims and the adjudicator of LTD claim eligibility, Defendant has an inherent conflict of interest.

37. Defendant's denial of Plaintiff's LTD benefits was "downright unreasonable."

38. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTD benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Kyle Margelofsky, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTD benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTD benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: January 27, 2026.

                                      By: */s/ Naomi R. Swain*
Naomi R. Swain, WI State Bar No. 1115655
Attorney for Plaintiff, Kyle Margelofsky
Hawks Quindel, S.C.
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Email: nswain@hq-law.com